UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  
Richard Alan Russell and Maureen  
Harrington Russell

Chap. 7 Case # 20-20056 MAM

**RICHARD RUSSELL and MAUREEN RUSSELL,**
**Plaintiffs**

ADVERSARY PROCEEDING

Case #

vs.
**NAVIENT SOLUTIONS, LLC and**
**NELNET BUSINESS SOLUTIONS, INC.**
**Defendants.**

## COMPLAINT TO DETERMINE DISCHARGEABILITY

## OF STUDENT LOAN DEBT

Richard Alan Russell and Maureen Harrington Russell, the debtors in the above referenced bankruptcy case and plaintiffs in this adversary proceeding ("Plaintiffs," "Richard," or "Maureen"), pursuant to 11 U.S.C. § 523(a)(8) and Federal Rule of Bankruptcy Procedure 7001(6), on personal knowledge as to Plaintiffs' own acts and upon information and belief as to all other matters, complain of the Defendants and state:

### JURISDICTION AND VENUE

1. This Adversary Proceeding is brought under Case Number **20-20056-MAM**.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

   Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## THE PARTIES

4. Plaintiffs Richard Alan Russell and Maureen Harrington Russell (are citizens of the State of Florida residing in the Southern District of Florida, zip code 33426.

5. Defendant Navient Solutions, LLC ("Navient"), provides Federal education loans, and servicing and asset recovery services for loans on behalf of guarantors of federal education loans. Navient also acquires, finances, and services private education loans. Navient is a Delaware corporation with principal executive offices at 123 Justison Street, Wilmington, DE 19801. Navient mailing address for Plaintiffs' loan with them is POB 9640, Wilkes Barre, PA 18773.

6. Defendant Nelnet Business Solutions, Inc. ("Nelnet") acts as a servicer for the United States Department of Education, providing education related products and services, and student loan management services, headquartered at 121 S. 13th Street, Suite 301, Lincoln, NE 68508. Nelnet mailing address for Plaintiffs' loan with them is POB 82561, Lincoln, NE 68501.

## FACTS

## ORIGINATION OF STUDENT LOANS

7. Maureen was raised by a single mother in Los Angeles, California. She began her postsecondary education in 1970 at Brigham Young University where she earned her Bachelor's degree in 1975. Through careful planning, working, Social Security Survivor Benefits, and VA Survivor Benefits, no loans were necessary for her Bachelor's degree. She returned to the university in 1978 and received her Master's degree in 1981. Financing her degree required part time work and student teaching. Student loans [later consolidated by Nelnet] were also taken out for a portion of her Master's degree schooling expenses.

8. Richard was one of five children raised in Florida, but postsecondary education was afforded only through military service as a Vietnamese interpreter with the U.S. Air Force at the close of the war. He then served as a missionary for two years in South Korea before attending Brigham Young University for his Bachelor's degree in 1982. He continued on to Law School at the same university, now married to Plaintiff Maureen. He graduated with a J.D. degree in 1985, his education having been financed with a combination of Maureen working, his part time jobs, scholarships, the G.I. Bill, and loans [consolidated as part of Nelnet loan].

9. The Navient loan was necessary to assist Plaintiffs' son in 2007 with a parent loan for additional educational expenses related to completing his Bachelor's degree, after their son's resources and loan proceeds were depleted. Plaintiffs' son is now 35 years old and currently resides with Plaintiffs. He has a full time job to assist in meeting his daily expenses, but he is currently dealing with mental health issues.

10. Plaintiffs' student loan balances total $48,547.79, more than the original amounts borrowed, even though tens of thousands of dollars in payments have been made. A complete accounting of the amounts paid were not available to Plaintiffs due to Defendant Nelnet's closing access to account information after the bankruptcy filing.

## CLAIM FOR RELIEF

## UNDUE HARDSHIP

11. Plaintiffs seek relief under 11 U.S.C. § 523(a)(8), stating that excepting the Student Loan Debts from discharge imposes an undue hardship on Plaintiffs.

## **TRADITIONAL STANDARD OF REVIEW**

12. <u>Traditional Standard of Review</u>: Excepting student loan debt from discharge imposes an undue hardship if a debtor can demonstrate the following: (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans. *Brunner v N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).

13. <u>Standard of Living</u>: Plaintiffs cannot, based on their current income and expenses as of the date of filing their Bankruptcy petition, maintain a minimal standard of living for themselves if forced to repay the Student Loan Debt. The monthly payments on the Student Loan Debts total over $500 and will persist for many years to come. Paying on the loans creates a negative monthly net income.

14. <u>State of Affairs Likely to Persist</u>: Plaintiffs' circumstances indicate that this state of affairs is likely to persist for a significant portion of the repayment period of the Student Loan Debt. Maureen is 68 years old and has not worked in a number of years due to a compromised immune system from a past serious illness. Her sole source of income is Social Security from her work years during the first few years of the parties' marriage, after which she has not worked. Richard is 67 years old and began drawing Social Security at age 66 as a plan to begin to lighten his workload. The fatigue he was experiencing at the time turned out to produce a stroke in October 2019 and a related stent correction. He still had full time employment until the Covid-19 lockdown shuttered his employer's doors. He has been able to do project work for a couple of firms due to their needs during the

pandemic, but no longer has regular work or guarantees of future work; furthermore, due to the precarious situation of his health now, he is unable to return to any full time work. Thus, Plaintiffs' current state of affairs is likely to persist indefinitely.

15. <u>Good Faith Effort to Repay Student Loans</u>: Although not a requirement under the current Bankruptcy Code, Plaintiffs have nevertheless made good faith efforts to repay their loans. Plaintiffs made monthly payments on all of their loans over many years. They made payments and, when unable to do so for various situations that reduced their income, they requested deferments or forbearances. They never defaulted on the loans, even during periods of unemployment or underemployment.

## ALTERNATIVE STANDARD OF REVIEW

16. In the alternative, the *Brunner* Test has been superseded by subsequent changes to the Bankruptcy Code.

17. When *Brunner* was established in 1987, student loans were automatically dischargeable in bankruptcy, without the need to prove undue hardship if it had been more than five years since the loans first became due. Therefore, *Brunner* added a "good faith" element to 523(a)(8) for debtors attempting to discharge their loans before the five-year period.

18. Due to changes in the Bankruptcy Code, student loans became non-dischargeable absent an adversary proceeding to determine their dischargeability; therefore, the element of good faith under *Brunner* is no longer a necessary or needed protection against abuse, making a totality of the circumstances a more reasonable standard under the current Bankruptcy Code.

19. The totality of circumstances test for undue hardship considers (1) the debtors' past, present, and reasonably reliable future financial resources; (2) a calculation of the debtors' necessary living expenses; and (3) other relevant facts and circumstances surrounding that particular bankruptcy case. *Andrews v. S. Dakota Student Loan Assistance Corp.* 661 F.2d 702, 704 (8th Cir. 1981).

20. Under the totality of the circumstances standard, considering Plaintiffs' past, present and reasonably reliable future financial resources and reasonable living expenses as set forth above, Plaintiffs are unable to make payments on the Student Loan Debts and it would be an undue hardship for the Student Loan Debts to not be discharged.

**WHEREFORE**, Plaintiffs/Debtors, Richard Alan Russell and Maureen Harrington Russell, seek judgment declaring that repayment of the Student Loan Debts owed to Defendants, Navient Solutions, LLC and Nelnet Business Solutions, Inc., pose an undue hardship and are therefore deemed dischargeable pursuant to 11 U.S.C. § 523(a)(8) and grant such order and further relief as this Court may deem just and proper.

DATED: January 13, 2021

        Respectfully,

        CHRISTOPHER M. RANIERI, P.A.

        */s/ Christopher M. Ranieri*

Christopher M. Ranieri    FBN0127760
Attorney for the Debtors
5701 North Pine Island Road    Suite 240
Tamarac, Florida 33321
954.739-2527
ranierilaw@bellsouth.net